IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MICHAEL R. PANDULLO, BAR NO. 10707

No. 79873

FILED

MAR 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's amended recommendation that attorney Michael R. Pandullo be suspended from the practice of law for six months and one day for violating Nevada Rules of Professional Conduct 1.1 (competence), 1.16 (declining or terminating representation), 1.3 (diligence), 1.4 (communication), 3.2 (expediting litigation), and 8.1(b) (bar admission and disciplinary matters). The panel also recommends that Pandullo pay restitution to two clients and the costs of the disciplinary proceeding. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The facts and charges alleged in the complaint are deemed admitted because Pandullo failed to answer the complaint and a default was entered.[1] The admitted facts establish that Pandullo violated the above-

---

[1]The State Bar sent the complaint, designation of hearing panel members, and notice of intent to take a default to Pandullo's SCR 79 address and an alternate address by regular and certified mail, and subsequently sent a copy of the notice of the formal hearing, summary of evidence, and designation of witnesses to those addresses and a newly discovered address. The State Bar also called Pandullo by phone and sent those documents to

referenced rules by knowingly failing to appear for court hearings for multiple clients and knowingly failing to respond to multiple clients' requests for information. Pandullo also failed to respond to the State Bar's lawful requests for information regarding five grievances it received from clients and members of the bar regarding Pandullo's conduct.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Considering the duties Pandullo violated, that he acted knowingly, and that his conduct resulted in serious injury with the potential for further serious injury to his clients, the public, and the profession, the baseline sanction before factoring aggravating and mitigating circumstances is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.41 (Am. Bar Ass'n 2018) (providing that disbarment is generally appropriate when a lawyer "causes serious or potentially serious injury to a client" by abandoning the practice, "knowingly fail[ing]

---

his email address, but received no response. Pandullo appeared at the formal disciplinary hearing and the panel chair found there was no basis for setting aside the default. Pandullo offered testimony as to a mitigating circumstance but chose not to question witnesses, although he was allowed to do so.

to perform services for a client," or "engag[ing] in a pattern of neglect with respect to client matters"). The record supports the panel's findings of four aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law), and one mitigating circumstance (personal or emotional problems).

Considering the factors outlined in *Lerner*, including the aggravating and mitigating circumstances, and because disbarment is irrevocable in Nevada, *see* SCR 102(1), unlike in many other states, *see* Brian Finkelstein, *Should Permanent Disbarment Be Permanent?*, 20 Geo. J. Legal Ethics 587, 590-91 (2007) (recognizing that the majority of states permit reinstatement after disbarment), we agree with the hearing panel's recommendation for departure from the baseline sanction of disbarment in the form of a significant suspension that will require Pandullo to seek reinstatement before resuming practice. Given the number and seriousness of the violations and the fact that Pandullo attributed his failure to perform legal services and his effective abandonment of his clients to personal and emotional problems, we conclude that before seeking reinstatement, he must participate in the Nevada Lawyers Assistance Program (NLAP) and comply with any treatment recommendations. With this condition for reinstatement, we conclude that the recommended six-month-and-one-day suspension is appropriate to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Michael R. Pandullo from the practice of law in Nevada for a period of six months and one day commencing from the date of this order. Further, Pandullo shall pay $1,200

in restitution to client Peter Carasco and $500 in restitution to client Micah Johnstone and the costs of the bar proceedings, plus $2,500 in administrative costs pursuant to SCR 120, within 30 days of the date of this order. Before seeking reinstatement, Pandullo must participate in the NLAP and comply with any treatment recommendations. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
       Michael R. Pandullo
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Officer, U.S. Supreme Court